*89 Tbe opinion of the Court was delivered bj
Munro, J.
Whether there was error in excluding the record referred to in the plaintiff’s ground of appeal, depends upon two things. 1st, Was there such a privity established between the defendant, and the parties litigant in such proceeding, that the former is as much bound by it, as if he had actually been a party thereto, and if so, is he thereby forever estopped from setting up an adverse title to the land, no matter where, or from whom he may have acquired it ?
In reference to the first point, the defendant’s legal identity with the parties to the record in question, we confess to no little difficulty in comprehending, how a body corporate, for such we 'are given to understand was the character of the South Carolina Manufacturing Company, at the time of the recovery against it, a mere legal entity, a factitious creature of the law, could be held capable of committing a trespass. If a body corporate can be held capable of committing a trespass, may it not with equal reason, be held capable of commiting treason, felony, or breach of the peace.
Such doctrine, would doubtless have been viewed as a novelty, at the time when Mr. Chitty published his work on pleading. See 1 Chitt. PL-46.
But we are spared the necessity of deciding that point, for conceding the defendant to have sustained toward the parties to that proceeding the relation which is contended for, it by no means follows, however, that he is forever precluded from contesting the plaintiff’s title.
The defendant, as we have seen, entered upon the premises in dispute, under the grant which had been taken out by Mr. Bobo, subsequent to the termination of the plaintiff’s action against the South Carolina Manufacturing Company. In that action both parties claimed the land in dispute, under the Markley title; the contest, as we have seen, resulted in favor of the plaintiff; and to that extent, that is, so far as the Markley title was concerned, such recovery was conclusive *90 upon the defendants, and those claiming title under them. But it has never been doubted, that after a recovery in ejectment, it is entirely competent for the defendant to re-enter the premises under an independent title, subsequently acquired, and not previously adjudicated.
It is not the former recovery which constitutes the estoppel, it is the subject matter which was in contestation between the parties; upon the familiar principle, that where the same point has been litigated between the same parties, and decided upon by a Court of competent jurisdiction, it cannot be again called in question. See Jones vs. Muldrow, Chev. 254; 3 East, 355.
We are therefore satisfied, that the record offered in evidence by the plaintiff, was properly excluded, and the motion is dismissed accordingly.
O’Neall, Wardlaw, Withers, WhitNer and Glover, JJ., concurred.

Motion dismissed.